# Keener *et al.,* to the use of Bitzer, *versus* Cross.

1. Administrators sold real estate of the decedent, and took a note under seal for the purchase-money in their individual names, one of the administrators transferred the note to pay his private debt. *Held,* that the transferee took it subject to the trust for the estate of the decedent and derived no beneficial interest in it.

2. The obligor paid the other administrator. *Held,* that the payment was correct.

May 2d 1870. Before THOMPSON, C. J., READ and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Lancaster county :* No. 35, to May Term 1870.

This was an action of debt in the names of Joseph S. Keener and Emanuel Keener, to the use of Uriah Bitzer, against C. B. Cross. The writ was issued May 5th 1868.

The cause of action was the following note:—

> "Manheim, June 17th 1867.
>
> "On the 1st day of April next I promise to pay Emanuel Keener and Joseph S. Keener, or to one of them, their or either of their order, the sum of five hundred and twenty dollars, lawful money of the United States, being for value received, as witness my hand and seal.
>
> C. B. CROSS. [L. S.]"

The note was endorsed "Joseph S. Keener," "Uriah Bitzer."

On the trial before Long, P. J., August 26th 1869, the plaintiff gave the note in evidence, and rested.

The defendant then proved that the Keeners, the obligees in the note, were administrators c. t. a. of George Keener, deceased; that under the directions of the will they sold real estate of the decedent to her, and took the note in suit in payment of the purchase-money; the note passed into the possession of Joseph S. Keener; she paid the amount of the note, April 2d 1868, to

Emanuel, the other administrator. She gave evidence that Bitzer took the note from Joseph in payment of a debt due by him to Bitzer; Emanuel demanded payment from the defendant; at the time she paid she knew that Bitzer held it; Emanuel gave her security to indemnify her; Joseph was insolvent.

In rebuttal the plaintiff gave evidence that he had received the note from Joseph in payment of a debt due to him from Joseph. He gave notice to the defendant that he held the note; she said she had given the note; said that was all right; said she would be ready to pay it when due; that it would be in Manheim Bank, and directed him to send the note there and it would be paid; Emanuel gave him no notice.

In answer the defendant gave evidence that when Bitzer called on her about the note, she said she would pay the note; that it made no difference to her whom she paid; she did not promise to pay him.

The defendant's points were :—

1. The promissory note, on which this suit was brought, being non-negotiable, the alleged equitable owner, Uriah Bitzer, took it from Joseph S. Keener, subject to any defence which defendant has against the payment thereof.

2. The note in question belonged to the estate of George Keener, deceased, and therefore was trust-money; it follows that Joseph S. Keener had no right to sell or dispose in any manner said note in payment of his own indebtedness, and if he did, the note passed into the hands of Mr. Bitzer subject to the trust.

3. If the jury believe that the note in question for $520 was given to Emanuel Keener and Joseph S. Keener for the purchase of real estate of their father's estate, of which they were administrators, and that Joseph S. Keener gave it to Uriah Bitzer to pay or secure an individual indebtedness of said Keener to Bitzer, the verdict must be for the defendant.

The court answered :—

" 1. Answered in the affirmative.

" 2. If this note was received as collateral security to indemnify Uriah Bitzer, then he stands in no better situation than Joseph S. Keener, and the note, or the proceeds thereof when collected, would have to be applied to any trusts to which it was liable. Nay, I am of the opinion that if this note was held in trust for the estate of George Keener, one of the trustees could not, in fraud of his trust, and without the knowledge of the other or his consent, transfer the note to another for his own individual debt. Provided the circumstances in the case were sufficient to awaken a suspicion of the character of the note, or calculated to awaken a doubt in a reasonable mind.

" 3. This point is answered in my reply to the defendant's 2d point.

[Keener *v.* Cross.]

" 4. If this note now in suit was paid by the defendant to Emanuel Keener, one of the obligees in the note, and he now holds the proceeds thereof for the payment of the debts or legatees of George Keener, then, according to the testimony, as · there was no legal transfer, the obligee was justified in making such payment, unless it was done to defraud Uriah Bitzer."

The verdict was for the plaintiff for $520.

The defendant took a writ of error, and assigned for error the answers to the points which were denied.

*W. R. Wilson* and *W. W. Brown*, for plaintiff in error.—An administrator, &c., cannot sell the note of the estate: Miller *v.* Ege, 8 Barr 352. A court of equity will follow a fund: Farmers' & Mechanics' Bank *v.* King, 7 P. F. Smith 202; Pitts. & Conn. R. R. Co. *v.* Barker, 5 Casey 160; Petrie *v.* Clark, 11 S. & R. 377. Submitting the question of fraud where there is no evidence is error: Herdic *v.* Bilger, 11 Wright 60; Updegraff *v.* Rowland, 2 P. F. Smith 317. Possession did not import a transfer for value: Bircleback *v.* Wilkins, 10 Harris 26.

*S. H. Reynolds* (with whom was *J. B. Livingston*), for defendant in error.—The holder of the note, unless warned, had a right to dispose of it: Bank of Northern Liberties *v.* Jones, 6 Wright 536.

The opinion of the court was delivered, July 7th 1870, by

READ, J.—Emanuel Keener and Joseph S. Keener, administrators with the will annexed of their father, George Keener, sold the only real estate testator had, consisting of a house and lot in Manheim, pursuant to directions in his will, to Mrs. C. B. Cross, for the sum of $520, to pay which she gave her note under seal, dated June 17th 1867, payable on the 1st day of April next (1868) to the said Emanuel and Joseph S. or to one of them, their or either of their order.

Joseph S. Keener was indebted to Uriah Bitzer, upon a note for $925, falling due in December 1867, and being insolvent, endorsed the sealed note given by Mrs. Cross to Mr. Bitzer, in part payment of his note for $925 then due. Mrs. Cross, on the 2d April 1868, paid the amount of her note to Emanuel Keener, the other administrator of the testator, and Uriah Bitzer commenced this suit to recover the amount from her.

The money owing by Mrs. Cross and represented by her sealed note, belonged to the estate of George Keener, and when Joseph S. Keener transferred the note by endorsement to Uriah Bitzer, to pay his private debt, said Bitzer took it subject to the trust for the estate of the decedent, and derived no beneficial interest

15 P. F. SMITH—20

in the note or its proceeds, and it follows that the payment made by Mrs. Cross was correct, and this suit cannot be sustained.

The court were therefore in error in answering the 2d and 3d points of the defendant.

Judgment reversed, and *venire facias de novo* awarded.